# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                         CRIMINAL NO. 2000-10406-JLT-01

JOSE MONTES,
     Defendant/Movant.

## *REPORT AND RECOMMENDATION ON MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE (#111)*

COLLINGS, U.S.M.J.

    This matter was referred to the undersigned on January 27, 2010. After a review of the papers, I RECOMMEND that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct the Sentence (#111) filed by Jose Montes

("Montes") be DENIED and that Judgment enter accordingly.[1]

The matter can be dealt with summarily. In a word, Montes' motion is untimely.

Title 28, U.S.C. § 2255(f) provides:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Montes appealed his conviction to the First Circuit, and the First Circuit entered judgment on May 1, 2003. Since he had ninety days thereafter to file

---

[1] It is noted that the late Senior Judge Lasker denied that portion of the motion entitled *"Ex Parte Motion for Termination of Supervised Release"* on July 1, 2008.

a petition for a writ of *certiorari* to the United States Supreme Court and did not do so, the time limit to file a § 2255 motion was one year after the 90 days expired, which would have been on August 1, 2004. Since the instant motion was not filed until January 17, 2008, it is untimely. *Clay v. United States,* 537 U.S. 522, 532 (2003). Moreover, Montes has not alleged any facts which would bring his case within the exceptions listed in 28 U.S.C. § 2255(f)(2)(3)(4).

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection or objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford*

*Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

February 2, 2010.